## Adams and Others *v.* Sater and Others.

Where an action relates to the separate property of the wife, she may sue therefor, without joining her husband as a plaintiff in the action.

Where a person, pending an action against him for the collection of a debt, and on the day on which final judgment is rendered therein against him, but before the rendition of the judgment, conveys all his real estate, in four different parcels, to as many different

grantees, for the consideration, expressed in each deed, of three hundred dollars, and his wife receives in return, a conveyance of a tract of land from one of them, and such judgment-creditor seeks to set aside said deeds as fraudulent, it would not be proper for the Court to instruct the jury, that, "the deeds, on their face, import a fair transaction." because such instruction might mislead the jury.

APPEAL from the *Bartholomew* Circuit Court.

PERKINS, J.—On the 4th day of February, 1858, *Nancy Sater* conveyed a tract of land to *Rebecca Sater*, the wife of *John Sater.*

On the same day, *John Sater* and *Rebecca*, his wife, acknowledged a deed, bearing date, April 9, 1857, to *William Sater*, for a tract of land.

On the same day, *John* and *Rebecca Sater* executed a deed to *Nancy Sater*, for a tract of land.

On the same day, *John* and *Rebecca Sater* acknowledged a deed, bearing date, April 9, 1857, to *Ephraim Sater*, for a tract of land.

On the same day, *John* and *Rebecca Sater* executed to *George W. Sater* a deed for a tract of land.

The consideration named in each of said deeds, from *Sater and Wife* to the several grantees, is three hundred dollars.

In October, 1858, *Carter, Adams, Taylor*, and *Fitch*, obtained judgments against *John Sater*, and, he having no property, in his own name, subject to execution, they caused executions to be levied on the property above described, as having been conveyed by and to the several persons named in the deeds, claiming that the same had been fraudulently conveyed.

Those persons, viz.: *Rebecca, William, Nancy, Ephraim*, and *George W. Sater*, filed a complaint for an injunction, restraining the sale of those tracts of land on said executions, and obtained a perpetual injunction.

It is claimed, that *John Sater* should have been made a

party-plaintiff, with his wife, to the suit; but it would seem that it was not necessary that he should be.   2 G. & H., p. 41, notes.   It does not appear, by the pleadings, that her husband had any interest in the tract of land so conveyed by *Nancy* to *Rebecca.*

It was held, in a late case in *Massachusetts,* (3 Allen, p. 541,) that a married woman, who held a bond, with condition to convey land to her, to her sole and separate use, free of the interference of her husband, upon the payment of a certain sum, is liable, in a separate action at law against her, under the statutes of that State, upon a promissory note given by her for money borrowed, to be applied, and actually applied, in payment of the amount necessary to secure to her the conveyance of the land; and, also, upon a promissory note given by her for money borrowed, for the purpose of paying debts contracted by her, for matters necessary for carrying on the farm, after she had received a deed for it.

As to the force and effect of the judgments, as evidence of indebtedness, in this case, where the plaintiffs were not parties to them, see *Belmont* v. *Coleman,* 21 N. Y. Court of Appeals, p. 96; and *Roswell* v. *Simonton,* 2 Ind., p. 516.

The Court instructed the jury, among other things, thus: " The deeds, on their face, import a fair transaction."

We think this instruction, under the circumstances of the case, may have misled the jury.   We must look at the instruction as applicable to the case.   It was not the case of a single deed in an ordinary case.

Here was a judgment obtained against *Sater,* the grantor in the deeds.   Awhile before the judgment is rendered, and on the same day, he executes deeds, distributing all his property among certain persons, and his wife receives, in return, a conveyance for a tract of land, from one of them. The same consideration is named in the several deeds. Some of them bear a prior date.   Now, the Court tells the jury that, as matter of law, these deeds, considered altogether,

thus appearing in the case, as the jury may have understood the instruction, import a fair transaction. If this was so, then, if there had been no evidence in the cause but the deeds, the Court should have told the jury there was no evidence .tending to show a fraudulent conveyance. But could the Court, legally, have thus told the jury in this case? Might not the jury have found the deeds fraudulent, taking them altogether, in connection with the judgment which was before them, in the pleadings, without any other evidence? We think it was a question for the jury, as the case stood, whether the deeds imported a fair transaction, on their face.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for another trial.

*S. Stansifer* and *C. E. Walker*, for the appellants.

*A. W. Hendricks* and *R. Hill*, for the appellees.